UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **WILLIAM GOLDSTEIN,** | : | Civil Action No. 05-4766 (JJH) |
| **Plaintiff,** | : | |
| v. | : | MEMORANDUM OPINION |
| **THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,** | : | |
| **Defendant.** | : | |

**HUGHES, U.S.M.J.**

This matter comes before the Court on Motion for Summary Judgment by Defendant The Equitable Life Assurance Society of the United States ("Defendant") [dkt. entry no. 26], returnable November 5, 2007. Defendant's Motion was opposed by Plaintiff William Goldstein ("Plaintiff") on October 22, 2007. The Court heard oral argument on December 3, 2007. The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 on September 19, 2007 [dkt. entry no. 28].

Defendant argues that Summary Judgment should be granted because there is no longer a pending case or controversy to adjudicate. On the other hand, Plaintiff argues that a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2), not summary judgment, is appropriate so the Court can grant attorney's fees and issue an injunction against Defendant. For the reasons stated herein, Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed without prejudice. Likewise, Defendant's counterclaim is also dismissed.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on September 29, 2005.  Plaintiff's Complaint seeks benefits for total disability under the terms of the disability insurance contract issued to Plaintiff by Defendant in 1983.  Plaintiff filed a claim for disability benefits in October 2001 claiming that he was paid the benefits due through April 30, 2005.[1]

At present, Defendant has placed Plaintiff's claims back on "premium-waiver" active status.  (Def.'s Reply Mem. at 4.)  Defendant has issued Plaintiff a check in the amount of $84,000, which represents the full monthly total disability benefits for twenty-eight (28) months of benefits at $3,000 per month from May 1, 2005 through August 31, 2007.  *Id.*  In addition, by letter dated November 1, 2007, Defendant issued a $6,000 check representing the full benefits paid from September 1, 2007 through October 31, 2007.  *Id.*  Defendant also wrote a check in the amount of $4,290.00 which represents the interest upon the past-due benefits forwarded on September 7, 2007.  *Id.*  Moreover, Defendant issued another check in the amount of $2,732.60, which represents a refund of all premiums paid by Plaintiff upon his Policy Number 83715239.  Id.  Defendant also issued a check in the amount of $1,012.75, which represents a refund of all premiums paid by Plaintiff upon his Policy Number 83715240.  *Id.*  Defendant also issued two other checks, one in the amount of $160.40, which represents interest paid upon the premiums refunded that were paid on Policy Number 83715239, and the other in the amount of $59.58, which represents the interest upon the premiums refunded that were paid on Policy Number 83715240.  *Id.*  Defendant also brought an additional check of $3,000 to the oral argument for

---

[1] Plaintiff's Complaint states that benefits were paid until June of 2005.  (*See* Pl.'s Complaint at ¶ 16.)  However, they were paid through April 30, 2005.

payment of November 2007.  *Id.* at 5.

In its argument for a voluntary dismissal, Plaintiff seeks to (1) enjoin the video surveillance tactics used by Defendant, (2) award attorney's fees and costs relative to prosecution of this action, (3) award Dr. Goldstein a prevailing rate on the back benefits payments made to him when he was put back on claims as well as on the premium payments he was unnecessarily force to pay while disabled, (4) and reimburse Defendant for the premiums he paid while disabled, but which should not have been required during disability pursuant to the terms of his disability insurance policy.  (Pl.'s Opp. Br. at 1.)  Plaintiff also requests that Defendant bring his current disability payments to him and reinstate premium waivers to Defendant.  *Id.* at 2.

Defendant argues that since it has paid the Plaintiff past due benefits, interest, and return of premiums, Plaintiff has received all legal remedies pled in his one-count Complaint.  Accordingly, there is no remaining case or controversy to adjudicate.  (Def.'s Reply Mem. at 2.)

**II.    DISCUSSION**

**A.    Standard for Summary Judgment**

A court may enter summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and that based on the evidence, the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding whether a disputed issue of material fact exists, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; see also Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

The party moving for summary judgment bears the initial burden of showing that no

genuine issue of material fact exists. *See Celotex*, 477 U.S. at 323. Once the moving party has satisfied its initial burden, the non-moving party must show that a genuine issue of material fact indeed exists. *See id.* at 324. A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

>    B.   **Plaintiff's Claims are Moot and Do Not Constitute a "Case or Controversy" Pursuant to Article III of the United States Constitution.**

Plaintiff's claim for relief is rendered moot because he has been tendered all past due benefits and has been placed back on active status pursuant to the policy in question. As such, pursuant to Article III, there is no "case or controversy" before this Court, and summary judgment must be granted.

In 2001, the Third Circuit Court of Appeals held that "[a] district court only has authority to consider actual, ongoing 'cases and controversies,' so that when developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001); *see also West v. Health New of the Northeast*, 217 F.R.D. 163, 175 (D.N.J. 2003) *and Rosetti v. Shalala*, 12 F.3d 1216, 1223-24 (3d. Cir. 1994) ("[I]f developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the outcome of a suit, then a federal court must dismiss the case as moot").

In *West*, defendant had filed liens seeking to collect reimbursements from third-party tortfeasors. Plaintiff then filed suit to declare the liens void and unenforceable. Subsequently,

defendant voluntarily withdrew the liens.  The Court held that because defendant "irrevocably withdrew its lien against plaintiff's tort recovery and eradicated her need to seek injunctive relief ordering such a withdrawal, . . . plaintiff's individual claims for injunctive relief became moot . . . and the court will dismiss such claims for mootness."  *West*, 217 F.R.D. at 176.

Similarly, the district court dismissed as moot a dispute over requested discovery information that later was voluntarily provided before the matter was heard by the Court.  *See OSHA Data/CIH, Inc. v. United States Dep't of Labor*, 105 F. Supp. 2d 359 (D.N.J. 1999).  The *OSHA Data* Court stated that "[a] Federal court 'is not empowered to decide moot questions' . . . or declare for the government of future cases, principles or rule of law which cannot affect the result as to the thing in issue in the case before it."  *OSHA Data*, 105 F. Supp. at 367 (citing *Natural Res. Def. Council v. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982)(*quoting California v. San Pablo & Tulare Railroad Co.*, 149 U.S. 308, 314 (1893))).

Here, Defendant voluntarily paid Plaintiff all benefits due under the terms of the Policy as well as placed his claim back on active status.  In fact, with the exception of Plaintiff's requests for attorney's fees and an injunction, Defendant has fully complied with all of Plaintiff's demands.  As in *OSHA Data* and *West*, Defendant's voluntary actions have eliminated the basis for Plaintiff's claim.  Since Defendant has given Plaintiff exactly what he asked for, there is no longer a genuine issue as to any material fact.  Therefore, Defendant is entitled to judgment as a matter of law because there is no justiciable issue before this Court.

As such, Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint and Defendant's counterclaim are dismissed as moot.

### C. Attorney's Fees

Plaintiff seeks attorney's fees in this matter. Attorney's fees and costs are not generally recoverable absent explicit congressional authorization. *Anders v. SPA Corp.*, 164 F.R.D. 383, 388 (D.N.J. 1995). Under New Jersey law, the court is allowed to award counsel fees in favor of a successful claimant in an action upon a liability or indemnity policy. *See* N.J. Ct. R. 4:42-9(a)(6), *Comment 2.6* (Gann 2008)(while the failure to defend is the classic basis of an action on the policy, it is by no means the exclusive one, and the rule is intended to cover all such actions, including those brought by third-party beneficiaries, in which the insurer and indemnitor is found therein to have failed to comply with its contractual undertakings).

Here, there is neither statutory authorization nor any provision in the insurance policy that provides for attorney's fees. Furthermore, this case does not present the type of claim where attorney fees are appropriate under New Jersey Court Rule 4:42-9(a)(6). Therefore, Plaintiff is not entitled to attorney's fees.

Hypothetically, the Court notes that attorney's fees may be awarded if Plaintiff were to succeed on a bad faith claim against Defendant. However, since that claim is not before the Court, there is no need to discuss its merits. The Court's dismissal of Plaintiff's claim here is because there is no longer a case or controversy. The dismissal is without prejudice to Plaintiff so that he may file a subsequent complaint alleging bad faith if justified.

### D. Injunctive Relief

Plaintiff also seeks injunctive relief from the Court so that Defendant will immediately cease surveillance of Plaintiff and his family.

A plaintiff is not entitled to equitable relief in the form of an order requiring the insurer to

make future payments on a disability policy. *Doe v. Provident Life & Accident Ins. Co.*, 936 F. Supp. 302 (E.D. Pa. 1996). Rather, the *Doe* court found that the insured had only a legal right to the contract benefits which has accrued to date. *Id.* Moreover, the Court has previously held that a mere denial of benefits under a policy for medical reasons was not an anticipatory breach of the entire contract, causing all potential future benefits for the life expectancy of the insured the become due and owning. *Lauro v. Metropolitan Life Ins. Co.*, 80 F. Supp. 377 (D.N.J. 1948).

Here, the future issue is whether Plaintiff will continue to be disabled in order to be entitled to benefits under the policy. Equitable is entitled, as an insurance company, to conduct future surveillance of Plaintiff if it deems necessary to determining whether he continues to be disabled. Pursuant to *Doe* and *Lauro*, the Court cannot make determinations on what may or may not happen in the future with respect to Plaintiff's medical condition. Accordingly, Plaintiff is not entitled to injunctive relief.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment is granted and Plaintiff's case is dismissed without prejudice as moot. Defendant's counterclaim is also dismissed. Furthermore, Plaintiff is not entitled to attorney's fees or injunctive relief. An appropriate Order accompanies this Memorandum Opinion.

**Dated: December 5, 2007**